

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

June 10, 1939

Hon. W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Governor:

Opinion No. 0-711
Re: The effect of Senate Bill 100 on
Mexican nationals now employed in
beauty shops.

We are in receipt of your letter of April 25, 1939, in which you request the opinion of this department on the following question:

"* * * What would be the situation of Mexican nationals now employed in beauty shops (in Texas) and who have not complied with the requirements listed in the Bill (substitute S.B. 100; 46th Leg.) * * *"

Senate Bill 100 was read for the first time in the Senate on January 25, 1939, and referred to the Committee on Public Health. On March 29, 1939, it was reported adversely with favorable committee substitute and recommendation that the substitute only be printed. We are now considering substitute S.B. 100.

We quote below the only section of this bill, which has a direct bearing upon the status of Mexican nationals employed in beauty shops in Texas.

Section 1 provides for amendment of Section 1, House Bill 189, Acts of the 44th Legislature, Regular Session (Article 734b, Section 1, Penal Code, Vernon's Annotated Criminal Statutes) by adding thereto the following:

"and providing further, that such person shall be a citizen of the United States of America or present proof to the proper administrative Authority that the required papers of

intention have been filed with the proper authorities, and that such person shall be a bona fide resident of the state of Texas for at least six (6) months immediately prior to the making of application to the Hairdressing and/or Cosmetology Department for permission to take such examination to entitle such person to so practice Hairdressing and/or Cosmetology or any of its branches in this State."

Section 1 of House Bill 189 (Article 734b) at the present time reads as follows:

"That it shall be unlawful for any person to engage in the practice or occupation of a hairdresser or cosmetologist or to conduct a hairdressing or cosmetological establishment or school, unless such person shall have first obtained a certificate of registration, and/or license as provided under this Act."

A close examination of substitute Senate Bill 100 discloses no other provision of interest and importance to the Mexican Embassy. The remaining terms and requirements of the bill are applicable to every person who engages or intends to engage in the practice or occupation of a hairdresser or cosmetologist, or to conduct a hairdressing or cosmetological establishment or school.

If substitute Senate Bill 100, in its present form, should become the law of this state, the effect of section 1 would be that no person could be a hairdresser or cosmetologist in the state unless he or she was a citizen of the United States of America or had filed papers of intention. Since no certificate of registration or license issued under the Act is valid for a longer period than one year, it would be unlawful for persons other than United States citizens to renew them. Furthermore, we construe the language of the Act as prohibiting any one other than a United States citizen "to engage in the practice or occupation of a hairdresser or cosmetologist or to conduct a hairdressing or cosmetological establishment or school" immediately upon passage of the Act, the law in effect attempted to cancel the certificate or registration or license of aliens.

We have not been asked to pass upon the validity of the provision of substitute S.B. 100, which would require a hairdresser or cosmetologist to be a citizen of the United States of America, but we feel that it is our duty to point out that said provision is a clear violation of the 14th Amendment to the Constitution of the United States, which declares that no state shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

The 14th Amendment to the Constitution of the United States reads, in part, as follows:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article 1, Section 3 of our Texas Constitution reads as follows:

"All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public service."

In his book on State and Federal Control of Persons and Property, Mr. Tiedeman, at page 331, writes:

"States have, by legislation, undertaken to protect native labor against alien labor; but in each case the legislation has been declared to be an invasion of the jurisdiction of the United States Government, and an unconstitutional interference with the right of resident aliens."

We cite as authority the case of Templar v. Michigan State Board of Examiners of Barbers (Supreme Court of Michigan) 131 Mich. 254, 90 NW 1058.

In that case it was held that Act No. 212, Pub. Acts 1899, § 5, Michigan, providing for the examination and licensing of barbers, and stipulating that no person shall receive a certificate, who at the time of his examination is an alien, is repugnant to the 14th Amendment of the United States Constitution, as denying equal protection of the law, in so far as it discriminates on account of citizenship.

Quoting from the opinion of Montgomery, J:

"In the exercise of the police power, the legislature had the undoubted right to require, as a prerequisite to his plying his trade, that he submit to an examination. But had it the right to couple that with other requirements, it would have the same right to make that the only requirement. In other words, it would have the right to exclude alien labor wholly. We think the cases cited demonstrate that it had not this power. A very different question is presented than in a case of the requirement for admission to the bar, for example, as in such case the statute confers upon the applicant who is admitted to the profession an office. He becomes an officer of the court. So, too, a different question is presented than was before the court in Trageser v. Gray, 73 Md. 250, 20 Atl. 905, 9 L.R.A. 780, 25 Am. St. Rep. 587-- a case much relied upon by the attorney general. In that case the question presented was whether aliens could be excluded from engaging in the business of retailing liquors. This is a business peculiar to itself, which might be wholly prohibited by the legislature, and licenses might be confined to a limited number. We need not, therefore, inquire whether such legislation is an infraction of the rights of the individual, not a citizen. But in the present case the relator's business is in no way injurious to the morals, the health, or even the convenience of the community, provided only he has the

requisite knowledge upon the subjects prescrib-
ed by the Legislature to practice his calling
without endangering the health of his patrons.
To hold that he is not entitled to practice
this calling, because not a full citizen of
the United States, is to deny to him rights
which we think are preserved by the fourteenth
amendment."

We hold that the provision of substitute S.B.
100 to the effect that any person engaging in the prac-
tice or occupation of a hairdresser or cosmetologist or
conducting a hairdressing or cosmetological establish-
ment "shall be a citizen of the United States of America
or present proof to the proper Administrative Authority
that the required papers of intention have been filed
with the proper authorities" is unconstitutional.

In conclusion, we wish to point out that we
have discussed the sole provision of substitute S.B. 100
which would affect the status of Mexican nationals in the
United States who are presently engaged in the occupations
of hairdressing and cosmetology. Furthermore, we have
analyzed this provision with respect to its constitution-
ality and have found that it is in conflict with the 14th
Amendment of the Federal Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Dick Stout
             Assistant

DS:cmb

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN